UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PAUL SAENGER, M.D.

          Plaintiff,

    - against -

MONTEFIORE MEDICAL CENTER,

          Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

07 CIV. 0488

Case No.

**COMPLAINT**
**and JURY DEMAND**

ROBINSON

Plaintiff, **PAUL SAENGER, M.D.**, by his attorneys, **SAPIR & FRUMKIN LLP**, as and

for his Complaint against Defendant, **MONTEFIORE MEDICAL CENTER**, alleges as follows:

## I. NATURE OF THE CLAIMS

1.    This action is based on violations of the Age Discrimination in Employment Act,

("ADEA"), 29 U.S.C. §§ 621, *et seq.*, the New York State Human Rights Law, ("NYSHRL"), N.Y.

Exec. Law §§ 290, *et seq.*, and the New York City Administrative Code, ("NYCHRL"), § 8-107, *et*

*seq.*  Plaintiff, Paul Saenger, M.D., ("Plaintiff"), age 64, was an employee of Montefiore Medical

Center, ("Montefiore" or "Defendant"), who was discharged by Defendant on the basis of his age

and in retaliation for complaining about age discrimination, in violation of the ADEA, NYSHRL,

and NYCHRL.  Plaintiff seeks declaratory relief, reinstatement, back pay, front pay, and damages

resulting from Defendant's unlawful and discriminatory conduct.

## II. JURISDICTION AND VENUE

2.    Jurisdiction of this Court to adjudicate Plaintiff's claims exists pursuant to 28 U.S.C.

§ 1331 and 29 U.S.C. § 626(c) because they arise under the ADEA.  The Court's supplemental

jurisdiction over NYSHRL, NYCHRL, and breach of contract claims is invoked pursuant to 28

U.S.C. § 1367 because such claims are so related to Plaintiff's claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper with this Court pursuant to 28 U.S.C. § 1391 because the Southern District of New York is the district in which Defendant maintains its place of business and in which the discriminatory acts occurred.

4.      Plaintiff has fully complied with the administrative prerequisites for commencement of this action. On or about March 1, 2006, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging employment discrimination and retaliation. This Complaint has been filed within 90 days of notification of the right to sue.

### III. PARTIES

5.      Plaintiff was employed by Defendant in the Bronx, New York when he was discharged on or about June 7, 2005 on the basis of his age and in retaliation for his complaints of age discrimination. Plaintiff was born on August 3, 1942, and is 64 years of age.

6.      Plaintiff is protected by the ADEA as provided by 29 U.S.C. §§ 630(f) and 631(a) in that he was an employee of Defendant who was over forty (40) years of age when his employment was terminated. Plaintiff is a covered employee under the NYSHRL, N.Y. Exec. Law § 292(6), and was a person in Defendant's employ pursuant to the NYCHRL, § 8-102(5).

7.      Upon information and belief, Defendant is a medical facility with more than 20 employees, located at 111 East 210th Street, Bronx, New York 10804.

8.      Defendant is a covered "employer" under the ADEA, 29. U.S.C. § 630(b), the NYSHRL, N.Y. Exec. Law § 292(5), and the NYCHRL, § 8-102(5).

2

## IV. <u>FACTS UNDERLYING PLAINTIFF'S CLAIMS</u>

9.      Plaintiff is a world-renowned Pediatric Endocrinologist.  His employment with Montefiore has spanned a very successful 27-year period.

10.      Plaintiff was Defendant's Director of the Department of Pediatrics, Division of Pediatric Endocrinology from in or about 1979 to on or about May 22, 2004.  Plaintiff established himself as one of the leading experts in his field, and lectured extensively all over the world on behalf of Montefiore.

11.      Plaintiff is also a clinical researcher in Pediatric Endocrinology of international stature.  In that capacity, Plaintiff has been engaged in clinical research for the past 25 years at Montefiore.  Plaintiff was the principal investigator of several clinical research protocols.

12.      Plaintiff is a former President of the Lawson Wilkins Pediatric Endocrine Society. In addition, Plaintiff was chosen by his peers to be President of the World Congress of Pediatric Endocrinology in New York City.  Plaintiff's well-earned stature has been of enormous benefit to Montefiore, and his impeccable credentials are beyond question.

13.      Plaintiff is also an accomplished fundraiser and grant writer.  In 2003, he secured funding for a fellow in Montefiore's Division of Pediatric Endocrinology, Dr. B. Marshall, to be hired.  Plaintiff also secured funding during this period for a research project of another fellow, Dr. K. Harwood, through an extramural research grant, and continued the academic oversight of two (2) fellows in training.  Plaintiff secured the funding for the Pediatric Diabetes Camp, which would otherwise have to be canceled due to lack of funds.  Moreover, Plaintiff launched several new research protocols, and upon information and belief, Plaintiff treated more patients per annum in 2004 and 2005 than any other physician in Montefiore's Division of Pediatric Endocrinology.

3

14.     Several families and trainees of Plaintiff from the United States and abroad, who are grateful for Plaintiff's treatment and his work, continue to donate funds to Montefiore's Division of Pediatric Endocrinology and express their appreciation for the care received from Plaintiff. Trainees of Plaintiff also continue to express their appreciation.

15.     In or about March 2004, Plaintiff reported an incident to Dr. Gabriel Haddad, an employee of Defendant at that time, in which Dr. Philip Ozuah, who was also employed by Defendant at that time, used profanity towards Plaintiff in a physically threatening manner. Dr. Haddad, who is in his 50's, informed Plaintiff that Dr. Ozuah was correct in his actions and should have used even stronger language towards him. Thereafter, on or about March 24, 2004, Plaintiff was unlawfully and inexplicably placed on involuntary leave.

16.     Plaintiff's reputation was tarnished as a result of the involuntary leave.

17.     Plaintiff's attorneys sent a letter, dated April 1, 2004, to Dr. Brian Currie, Senior Medical Director, Montefiore, stating that Defendant acted in contravention of its own policy and procedure manual in placing Plaintiff on involuntary leave, and that Plaintiff's age was a factor in the determination to place him on involuntary leave.

18.     Plaintiff returned to work on or about May 22, 2004. Upon Plaintiff's return, he was demoted by Defendant in that he was no longer Director of the Department of Pediatrics, Division of Pediatric Endocrinology, and was not given a new title.

19.     In or about May 2004, Defendant appointed Dr. Joan DiMartino-Nardi, who was initially hired by Plaintiff and was approximately 49 years of age at the time, the Interim Director of the Department of Pediatrics, Division of Pediatric Endocrinology.

4

20.    In or about May, 2004, Defendant alleged that Plaintiff sexually harassed a Montefiore employee. Plaintiff vehemently denied the allegation, and Defendant permitted Plaintiff to return to his position and did not terminate his employment at that time.

21.    Upon information and belief, there was no written disciplinary action against Plaintiff from in or about May 2004 to in or about May 2005.

22.    During a meeting on or about June 7, 2005, Dr. Haddad alleged suddenly to Plaintiff that he was unhappy with Plaintiff's job performance. Dr. Haddad gave Plaintiff a letter, dated June 7, 2005, stating that Plaintiff's employment was terminated.

23.    Defendant did not have a legitimate reason to terminate Plaintiff's employment. Plaintiff's job performance had not been questioned, and the June 7, 2005 letter did not indicate a reason for terminating his employment. When Plaintiff asked why his employment was being terminated, Dr. Haddad verbally alleged that it was due to the sexual harassment allegation dating back to May 2004. Plaintiff asked for specifics regarding the allegation, and Dr. Haddad stated that Plaintiff would receive another letter. However, Plaintiff never received another letter.

24.    Plaintiff was 62 years of age as of June 2005.

25.    Defendant did not comply with its own policy in terminating Plaintiff's employment. According to Defendant's Human Resources Policy and Procedure Manual in effect at the time of Plaintiff's termination, "[a] Practitioner may be terminated by the Medical Center only for one or more of the following reasons: A. For cause; B. For bona fide institutional financial exigency; C. For bona fide reorganization of educational, research or clinical services in which the Practitioner is employed; and D. Because the termination will enhance the future growth, quality and productivity of a Department." In contravention of this policy, Defendant did not allege to have terminated Plaintiff's employment for any of these reasons.

5

26.     Upon information and belief, Dr. Haddad attempted to use an allegation that was over one year old as a pretext for unlawfully terminating Plaintiff's employment based on his age and in retaliation for his complaints of age discrimination via the letter from his attorneys to Defendant, dated April 1, 2004.

27.     In terminating Plaintiff's employment, Defendant alleged that Plaintiff could have opted for either 12 more months of employment or severance pay, and claimed that Plaintiff elected the 12 months of continued employment, commencing on or about June 15, 2005.

28.     Upon information and belief, at the time Plaintiff's employment was terminated, Defendant had been engaging in an unlawful pattern of discrimination based on age.  Upon information and belief, in or about 2004, Dr. Kenneth Schonberg was demoted at the age of 64, and Dr. Ruth Stein was asked to step down from her position at the age of 62.  In the Department of Medicine, Dr. Leslie Bernstein, Dr. Neal Steigbigel, and Dr. Peter Barland, were forced to step down from their Chair positions when they were all over 60 years of age.

29.     In or about May 25, 2006, Defendant informed Plaintiff that effective June 15, 2006, he no longer would be an employee of Montefiore.  As of that date, Plaintiff has been an attending physician at Montefiore, but not an employee.

30.     Defendant has failed to pay Plaintiff part of his incentive pay for 2005 and all of his incentive pay for 2006.  Since in or about the 1980's, Defendant had been engaging in a practice of providing incentive pay to its physicians, including Plaintiff, on an annual basis, which was paid in quarterly installments.  This practice constituted a contract whereby Defendant agreed to pay Plaintiff incentive pay based on his performance.  In or about September 2004, Dr. Haddad issued a letter to various Montefiore employees, including Plaintiff, regarding the incentive pay.  The letter

to Plaintiff stated that Plaintiff would receive between $40,000.00 and $50,000.00 for 2005. Plaintiff was also to receive incentive pay for the year 2006.

31.     On or about June 10, 2006, Coral Matar, Administrator, Department of Pediatrics, Montefiore, assured Plaintiff that all physicians would receive their incentive payments for six months after they left full-time employment.

32.     Defendant has failed to pay Plaintiff his complete incentive pay for the year 2005 and any incentive pay for the year 2006.

33.     Plaintiff had been engaged in clinical research for the past 25 years at Montefiore. He was the principal investigator of several clinical research protocols. Notwithstanding Plaintiff's termination, as an attending physician, he continued to perform clinical research because historically attending physicians at Montefiore have been permitted to do so.

34.     In addition to placing Plaintiff on involuntary leave, demoting him, terminating his employment, and refusing to pay Plaintiff his incentive pay, Defendant has refused to allow Plaintiff to continue in his role as principal investigator of research protocols, while permitting other similarly situated employees to continue in their respective roles. Upon information and belief, according to Montefiore Research Guidelines, Plaintiff may continue as investigator. Defendant's refusal to permit Plaintiff to do so is discriminatory, retaliatory, and has curtailed Plaintiff's professional abilities.

## V. AS AND FOR A FIRST CLAIM
### Discriminatory Involuntary Leave in
### Violation of ADEA

35.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

7

36.     Defendant unlawfully placed Plaintiff on involuntary leave on the basis of his age, in violation of the ADEA, 29 U.S.C. § 623.

37.     Defendant's actions constitute a "willful violation" of the ADEA, as that term is used in 29 U.S.C. § 626(b), and Plaintiff is entitled to liquidated damages.

38.     Plaintiff has suffered and will continue to suffer lost wages, benefits, and other damages as a result of being placed on involuntary leave.

39.     Defendant's act of placing Plaintiff on involuntary leave represents a continuing violation.

## VI.  AS AND FOR A SECOND CLAIM
### *Discriminatory Involuntary Leave in*
### *Violation of NYSHRL*

40.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

41.     Defendant unlawfully placed Plaintiff on involuntary leave on the basis of his age, in violation of the NYSHRL, N.Y. Exec. Law § 296.

42.     Plaintiff has suffered and will continue to suffer lost wages, benefits, and damages for emotional distress, pain, and humiliation as a result being placed on involuntary leave.

43.     Defendant's act of placing Plaintiff on involuntary leave represents a continuing violation.

## VII.  AS AND FOR A THIRD CLAIM
### *Discriminatory Involuntary Leave in*
### *Violation of NYCHRL*

44.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

8

45.     Defendant unlawfully placed Plaintiff on involuntary leave on the basis of his age, in violation of the NYCHRL, N.Y.C. Admin. Code § 8-107.

46.     Plaintiff has suffered and will continue to suffer lost wages, benefits, and damages for emotional distress, pain, and humiliation as a result of being placed on involuntary leave. Plaintiff also seeks punitive damages for this claim.

47.     Defendant's act of placing Plaintiff on involuntary leave represents a continuing violation.

## VIII.  AS AND FOR A FOURTH CLAIM
### Retaliatory Demotion in Violation of ADEA

48.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

49.     Plaintiff has engaged in protected activity under the ADEA.

50.     Defendant was aware of Plaintiff's protected activity.

51.     Upon Plaintiff's return from leave on or about May 22, 2004, Defendant demoted Plaintiff in retaliation for his protected activity, in violation of the ADEA, 29 U.S.C. § 623(d).

52.     Defendant's actions constitute a "willful violation" of the ADEA, as that term is used in 29 U.S.C. § 626(b), and Plaintiff is entitled to liquidated damages.

53.     Plaintiff has suffered and will continue to suffer loss in stature and reputation as a result of the demotion, and has been damaged thereby.

54.     Defendant's act of demoting Plaintiff represents a continuing violation.

## IX.  AS AND FOR A FIFTH CLAIM
### *Retaliatory Demotion in Violation*
### *of NYSHRL*

55.      Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

56.      Upon Plaintiff's return from leave on or about May 22, 2004, Defendant demoted Plaintiff in retaliation for his protected activity, in violation of the NYSHRL, N.Y. Exec. Law § 296(7).

57.      Plaintiff has suffered and will continue to suffer loss in stature and reputation as a result of the demotion, and has been damaged thereby.

58.      Plaintiff has suffered and continues to suffer from emotional distress, pain, and humiliation as a result of being demoted.

59.      Defendant's act of demoting Plaintiff represents a continuing violation.

## X.  AS AND FOR A SIXTH CLAIM
### *Retaliatory Demotion in Violation*
### *of NYCHRL*

60.      Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

61.      Upon Plaintiff's return from leave on or about May 22, 2004, Defendant demoted Plaintiff in retaliation for his protected activity, in violation of the NYCHRL, N.Y.C. Admin. Code § 8-107(7).

62.      Plaintiff has suffered and will continue to suffer loss in stature and reputation as a result of the demotion, and has been damaged thereby.

63.    Plaintiff has suffered and continues to suffer from emotional distress, pain, and humiliation as a result of being demoted.  Plaintiff also seeks punitive damages for this claim.

64.    Defendant's act of demoting Plaintiff represents a continuing violation.

## XI.  AS AND FOR A SEVENTH CLAIM
### Discriminatory Discharge Based on Age
### in Violation of ADEA

65.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

66.    Defendant unlawfully terminated Plaintiff's employment on the basis of his age, in violation of the ADEA, 29 U.S.C. § 623.

67.    Defendant's actions constitute a "willful violation" of the ADEA, as that term is used in 29 U.S.C. § 626(b), and Plaintiff is entitled to liquidated damages.

68.    Plaintiff has suffered and will continue to suffer lost wages, benefits, lost employment opportunities, and other damages as a result of the termination of his employment.

## XII.  AS AND FOR AN EIGHTH CLAIM
### Discriminatory Discharge Based on Age
### in Violation of NYSHRL

69.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

70.    Defendant unlawfully terminated Plaintiff's employment on the basis of his age, in violation of the NYSHRL, N.Y. Exec. Law § 296.

71.    Plaintiff has suffered and will continue to suffer lost wages, benefits, lost employment opportunities, and damages for emotional distress, pain, and humiliation as a result of the termination of his employment.

### XIII.  AS AND FOR A NINTH CLAIM
#### *Discriminatory Discharge Based on Age*
#### *in Violation of NYCHRL*

72.      Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

73.      Defendant unlawfully terminated Plaintiff's employment on the basis of his age, in violation of the NYCHRL, N.Y.C. Admin. Code § 8-107.

74.      Plaintiff has suffered and will continue to suffer lost wages, benefits, lost employment opportunities, and damages for emotional distress, pain, and humiliation as a result of the termination of his employment.  Plaintiff also seeks punitive damages for this claim.

### XIV.  AS AND FOR A TENTH CLAIM
#### *Retaliatory Termination in Violation of ADEA*

75.      Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

76.      Defendant terminated Plaintiff's employment in retaliation for his protected activity, in violation of the ADEA, 29 U.S.C. § 623(d).

77.      Defendant's actions constitute a "willful violation" of the ADEA, as that term is used in 29 U.S.C. § 626(b), and Plaintiff is entitled to liquidated damages.

78.      Plaintiff has suffered and will continue to suffer lost wages, benefits, lost employment opportunities, and other damages as a result of the termination of his employment.

### XV.  AS AND FOR AN ELEVENTH CLAIM
#### *Retaliatory Termination in Violation of NYSHRL*

79.      Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

80.     Defendant terminated Plaintiff's employment in retaliation for his protected activity, in violation of the NYSHRL, N.Y. Exec. Law § 296(7).

81.     Plaintiff has suffered and will continue to suffer lost wages, benefits, lost employment opportunities, and damages for emotional distress, pain, and humiliation as a result of the termination of his employment.

## XVI.  AS AND FOR A TWELFTH CLAIM
### *Retaliatory Termination in Violation of NYCHRL*

82.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

83.     Defendant terminated Plaintiff's employment in retaliation for his protected activity, in violation of the NYCHRL, N.Y.C. Admin. Code § 8-107(7).

84.     Plaintiff has suffered and will continue to suffer lost wages, benefits, lost employment opportunities, and damages for emotional distress, pain, and humiliation as a result of the termination of his employment.  Plaintiff also seeks punitive damages for this claim.

## XVII.  AS AND FOR A THIRTEENTH CLAIM
### *Discriminatory Failure to Pay Incentive Pay*
### *in Violation of ADEA*

85.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

86.     Defendant unlawfully failed to pay Plaintiff his incentive pay on the basis of his age, in violation of the ADEA, 29 U.S.C. § 623.

87.     Defendant's actions constitute a "willful violation" of the ADEA, as that term is used in 29 U.S.C. § 626(b), and Plaintiff is entitled to liquidated damages.

88.     Plaintiff has suffered and will continue to suffer lost compensation as a result of Defendant's failure to pay him his incentive pay.

## XVIII. AS AND FOR A FOURTEENTH CLAIM
### *Discriminatory Failure to Pay Incentive Pay*
### *in Violation of NYSHRL*

89.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

90.     Defendant unlawfully failed to pay Plaintiff his incentive pay on the basis of his age, in violation of the NYSHRL, N.Y. Exec. Law § 296.

91.     Plaintiff has suffered and will continue to suffer lost compensation as a result of Defendant's failure to pay him his incentive pay, and damages for emotional distress, pain, and humiliation.

## XIX. AS AND FOR A FIFTEENTH CLAIM
### *Discriminatory Failure to Pay Incentive Pay*
### *in Violation of NYCHRL*

92.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

93.     Defendant unlawfully failed to pay Plaintiff his incentive pay on the basis of his age, in violation of the NYCHRL, N.Y.C. Admin. Code § 8-107.

94.     Plaintiff has suffered and will continue to suffer lost compensation as a result of Defendant's failure to pay him his incentive pay, and damages for emotional distress, pain, and humiliation.  Plaintiff also seeks punitive damages for this claim.

## XX. AS AND FOR A SIXTEENTH CLAIM
### *Retaliatory Failure to Pay Incentive Pay*
### *in Violation of ADEA*

95.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

96.     Defendant failed to pay Plaintiff his incentive pay in retaliation for his protected activity, in violation of the ADEA, 29 U.S.C. § 623(d).

97.     Defendant's actions constitute a "willful violation" of the ADEA, as that term is used in 29 U.S.C. § 626(b), and Plaintiff is entitled to liquidated damages.

98.     Plaintiff has suffered and will continue to suffer lost compensation as a result of Defendant's failure to pay him his incentive pay.

## XXI. AS AND FOR A SEVENTEENTH CLAIM
### *Retaliatory Failure to Pay Incentive Pay*
### *in Violation of NYSHRL*

99.     Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

100.    Defendant failed to pay Plaintiff his incentive pay in retaliation for his protected activity, in violation of the NYSHRL, N.Y. Exec. Law § 296(7).

101.    Plaintiff has suffered and will continue to suffer lost compensation as a result of Defendant's failure to pay him his incentive pay, and damages for emotional distress, pain, and humiliation.

## XXII. AS AND FOR AN EIGHTEENTH CLAIM
### *Retaliatory Failure to Pay Incentive Pay in*
### *Violation of NYCHRL*

102.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34

15

of the Complaint, as though fully set forth herein.

103.    Defendant failed to pay Plaintiff incentive pay in retaliation for his protected activity, in violation of the NYCHRL, N.Y.C. Admin. Code § 8-107(7).

104.    Plaintiff has suffered and will continue to suffer lost compensation as a result of Defendant's failure to pay him his incentive pay, and damages for emotional distress, pain, and humiliation. Plaintiff also seeks punitive damages for this claim.

## XXIII. AS AND FOR A NINETEENTH CLAIM
### Breach of Contract

105.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

106.    Defendant breached the parties' contract to pay Plaintiff incentive pay by refusing to pay Plaintiff his incentive pay.

107.    Plaintiff has suffered damages and will continue to suffer damages as a result of Defendant's breach of the parties' contract regarding incentive pay.

## XXIV. AS AND FOR A TWENTIETH CLAIM
### Discriminatory Refusal to Allow Plaintiff to
### Continue as Research Investigator in Violation of ADEA

108.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

109.    Defendant unlawfully refused to allow Plaintiff to continue in his role as research investigator on the basis of his age, in violation of the ADEA, 29 U.S.C. § 623.

110.    Defendant's actions constitute a "willful violation" of the ADEA, as that term is used in 29 U.S.C. § 626(b), and Plaintiff is entitled to liquidated damages.

111.   Defendant's unlawful act has damaged Plaintiff's professional reputation in the medical community and curtailed Plaintiff's research opportunities, and Plaintiff has been damaged thereby.

## XXV.  AS AND FOR A TWENTY-FIRST CLAIM
### *Discriminatory Refusal to Allow Plaintiff to Continue as Research Investigator in Violation of NYSHRL*

112.   Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

113.   Defendant unlawfully refused to allow Plaintiff to continue in his role as research investigator on the basis of his age, in violation of the NYSHRL, N.Y. Exec. Law § 296.

114.   Defendant's unlawful act has damaged Plaintiff's professional reputation in the medical community and curtailed Plaintiff's research opportunities, and Plaintiff has been damaged thereby. Plaintiff has suffered and will continue to suffer damages for emotional distress, pain, and humiliation as a result of Defendant's refusal to allow him to continue as research investigator.

## XXVI.  AS AND FOR A TWENTY-SECOND CLAIM
### *Discriminatory Refusal to Allow Plaintiff to Continue as Research Investigator in Violation of NYCHRL*

115.   Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

116.   Defendant unlawfully refused to allow Plaintiff to continue in his role as research investigator on the basis of his age, in violation of the NYCHRL, N.Y.C. Admin. Code § 8-107.

117.   Defendant's unlawful act has damaged Plaintiff's professional reputation in the medical community and curtailed Plaintiff's research opportunities, and Plaintiff has been damaged thereby. Plaintiff has suffered and will continue to suffer damages for emotional distress, pain, and

humiliation as a result of Defendant's refusal to allow him to continue as research investigator. Plaintiff also seeks punitive damages for this claim.

## XXVII.  AS AND FOR A TWENTY-THIRD CLAIM
### *Retaliatory Refusal to Allow Plaintiff to Continue as Research Investigator in Violation of ADEA*

118.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

119.    Defendant unlawfully refused to allow Plaintiff to continue in his role as research investigator on the basis of his age, in violation of the ADEA, 29 U.S.C. § 623.

120.    Defendant's actions constitute a "willful violation" of the ADEA, as that term is used in 29 U.S.C. § 626(b), and Plaintiff is entitled to liquidated damages.

121.    Defendant's unlawful act has damaged Plaintiff's professional reputation in the medical community and curtailed Plaintiff's research opportunities, and Plaintiff has been damaged thereby.

## XXVIII.  AS AND FOR A TWENTY-FOURTH CLAIM
### *Discriminatory Refusal to Allow Plaintiff to Continue as Research Investigator in Violation of NYSHRL*

122.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

123.    Defendant unlawfully refused to allow Plaintiff to continue in his role as research investigator in retaliation for his protected activity, in violation of the NYSHRL, N.Y. Exec. Law § 296(7).

124.    Defendant's unlawful act has damaged Plaintiff's professional reputation in the medical community and curtailed Plaintiff's research opportunities, and Plaintiff has been damaged

thereby. Plaintiff has suffered and will continue to suffer damages for emotional distress, pain, and humiliation as a result of Defendant's refusal to allow him to continue as research investigator.    .

### XXIX. AS AND FOR A TWENTY-FIFTH CLAIM
### *Retaliatory Refusal to Allow Plaintiff to Continue as Research Investigator in Violation of NYCHRL*

125.    Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 34 of the Complaint, as though fully set forth herein.

126.    Defendant unlawfully refused to allow Plaintiff to continue in his role as research investigator in retaliation for his protected activity, in violation of the NYCHRL, N.Y.C. Admin. Code § 8-107(7).

127.    Defendant's unlawful act has damaged Plaintiff's professional reputation in the medical community and curtailed Plaintiff's research opportunities, and Plaintiff has been damaged thereby. Plaintiff has suffered and will continue to suffer damages for emotional distress, pain, and humiliation as a result of Defendant's refusal to allow him to continue as research investigator. Plaintiff also seeks punitive damages for this claim.

### XXX. RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

128.    Declare Defendant's conduct (a) placing Plaintiff on involuntary leave, (b) demoting Plaintiff, (c) terminating Plaintiff's employment, (d) failing to pay Plaintiff his incentive pay, and (e) refusing to allow Plaintiff to continue in his role as research investigator to be in violation of the Plaintiff's rights as secured by the ADEA, NYSHRL, and NYCHRL.

### ON THE FIRST CLAIM

129.    The total compensation package, including but not limited to salary, raises, bonuses,

incentive pay, and other benefits of employment that Plaintiff would have been entitled to receive had he not been unlawfully placed on involuntary leave, liquidated damages, attorney's fees, and interest on all sums awarded to Plaintiff at the appropriate rate(s).

## ON THE SECOND CLAIM

130.    The total compensation package, including but not limited to salary, raises, bonuses, incentive pay, and other benefits of employment that Plaintiff would have been entitled to receive had he not been unlawfully placed on involuntary leave, damages for emotional distress, pain, and humiliation, and interest on all sums awarded to Plaintiff at the appropriate rate(s).

## ON THE THIRD CLAIM

131.    The total compensation package, including but not limited to salary, raises, bonuses, incentive pay, and other benefits of employment that Plaintiff would have been entitled to receive had he not been unlawfully placed on involuntary leave, damages for emotional distress, pain, and humiliation, punitive damages, attorney's fees, and interest on all sums awarded to Plaintiff at the appropriate rate(s).

## ON THE FOURTH CLAIM

132.    The total compensation package, including but not limited to salary, raises, bonuses, incentive pay, and other benefits of employment that Plaintiff would have been entitled to receive had he not been unlawfully demoted, liquidated damages, attorney's fees, and interest on all sums awarded to Plaintiff at the appropriate rate(s).

## ON THE FIFTH CLAIM

133.    The total compensation package, including but not limited to salary, raises, bonuses, incentive pay, and other benefits of employment that Plaintiff would have been entitled to receive

had he not been unlawfully demoted, damages for emotional distress, pain, and humiliation, and interest on all sums awarded to Plaintiff at the appropriate rate(s).

## ON THE SIXTH CLAIM

134.    The total compensation package, including but not limited to salary, raises, bonuses, incentive pay, and other benefits of employment that Plaintiff would have been entitled to receive had he not been unlawfully demoted, damages for emotional distress, pain, and humiliation, punitive damages, attorney's fees, and interest on all sums awarded to Plaintiff at the appropriate rate(s).

## ON THE SEVENTH AND TENTH CLAIMS

135.    The total compensation package, including but not limited to salary, raises, bonuses, incentive pay, and other benefits of employment that Plaintiff would have been entitled to receive as Director of the Department of Pediatrics, Division of Pediatric Endocrinology, up until the time of trial, had he not been discharged, front pay, reinstatement, liquidated damages, attorney's fees, and interest on all sums awarded to Plaintiff at the appropriate rate(s).

136.    Actual damages for loss of total compensation, including but not limited to salary, bonuses and benefits, front pay, and lost retirement benefit credits and contributions, and other lost benefits, from the date of discharge to the time of trial, in an amount to be determined at trial, plus interest on all sums awarded to Plaintiff at the appropriate rate(s).

## ON THE EIGHTH AND ELEVENTH CLAIMS

137.    The total compensation package, including but not limited to salary, raises, bonuses, incentive pay, and other benefits of employment that Plaintiff would have been entitled to receive as Director of the Department of Pediatrics, Division of Pediatric Endocrinology, up until the time of trial, had he not been discharged, front pay, reinstatement, damages for emotional distress, pain, and humiliation, and interest on all sums awarded to Plaintiff at the appropriate rate(s).

21

138.     Actual damages for loss of total compensation, including but not limited to salary, bonuses and benefits, front pay, and lost retirement benefit credits and contributions, and other lost benefits, from the date of discharge to the time of trial, in an amount to be determined at trial, plus interest on all sums awarded to Plaintiff at the appropriate rate(s).

## ON THE NINTH AND TWELFTH CLAIMS

139.     The total compensation package, including but not limited to salary, raises, bonuses, incentive pay, and other benefits of employment that Plaintiff would have been entitled to receive as Director of the Department of Pediatrics, Division of Pediatric Endocrinology, up until the time of trial, had he not been discharged, front pay, reinstatement, damages for emotional distress, pain, and humiliation, punitive damages, attorney's fees, and interest on all sums awarded to Plaintiff at the appropriate rate(s).

140.     Actual damages for loss of total compensation, including but not limited to salary, bonuses and benefits, front pay, and lost retirement benefit credits and contributions, and other lost benefits, from the date of discharge to the time of trial, in an amount to be determined at trial, plus interest on all sums awarded to Plaintiff at the appropriate rate(s).

## ON THE THIRTEENTH AND SIXTEENTH CLAIMS

141.     The incentive pay to which Plaintiff is entitled, liquidated damages, attorney's fees, and interest on all sums awarded to Plaintiff at the appropriate rate(s).

## ON THE FOURTEENTH AND SEVENTEENTH CLAIMS

142.     The incentive pay to which Plaintiff is entitled, damages for emotional distress, pain, and humiliation, and interest on all sums awarded to Plaintiff at the appropriate rate(s).

## ON THE FIFTEENTH AND EIGHTEENTH CLAIMS

143.    The incentive pay to which Plaintiff is entitled, damages for emotional distress, pain, and humiliation, punitive damages, attorney's fees, and interest on all sums awarded to Plaintiff at the appropriate rate(s).

## ON THE NINETEENTH CLAIM

144.    The incentive pay to which Plaintiff is entitled,  and interest on all sums awarded to Plaintiff at the appropriate rate(s).

## ON THE TWENTIETH AND TWENTY-THIRD CLAIMS

145.    Reinstatement with full ability to conduct clinical research and serve as principal investigator on research protocols, liquidated damages, attorney's fees, and interest on all sums awarded to Plaintiff at the appropriate rate(s).

## ON THE TWENTY-FIRST AND TWENTY-FOURTH CLAIMS

146.    Reinstatement with full ability to conduct clinical research and serve as principal investigator on research protocols, damages for emotional distress, pain, and humiliation, and interest on all sums awarded to Plaintiff at the appropriate rate(s).

## ON THE TWENTY-SECOND AND TWENTY-FIFTH CLAIMS

147.    Reinstatement with full ability to conduct clinical research and serve as principal investigator on research protocols, damages for emotional distress, pain, and humiliation, punitive damages, attorney's fees, and interest on all sums awarded to Plaintiff at the appropriate rate(s).

## ON ALL CLAIMS

148.    Such other and further relief as this Court deems just and proper.

## XXXI.  DEMAND FOR A JURY TRIAL

149.   Plaintiff demands a trial by jury of all issues in this action properly triable before a

jury.

Dated:  White Plains, New York
        January 22, 2007

                                              Yours, etc.,
                                              SAPIR & FRUMKIN LLP

                      By:

                                              William D. Frumkin (WF 2173)
                                              399 Knollwood Road, Suite 310
                                              White Plains, New York 10603
                                              (914) 328-0366
                                              Attorneys for Plaintiff

F:\APPLICAT\WP\Ferruggia\Complaint.wpd\rlh

24